UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MELVIN DOSDOS DULCERO,

    Petitioner,

vs.

D.W. NEVEN, *et al.*,

    Respondents.

Case No. 2:14-cv-01259-JAD-VCF

**Order Denying Motion for Rehearing**
**[ECF 12]**

    This is pro se habeas petitioner Melvin Dulcero's federal challenge of his 2007 Nevada state conviction for attempted murder with the use of a deadly weapon. Petitioner moved for court-appointed counsel, claiming the issues in this case are difficult and he is unable to properly present his arguments because, among other reasons, he is not a native English speaker.[1] I denied that motion because I found that his petition was well-written and sufficiently clear in presenting the issues, those issues are not complex, and court-appointed counsel is therefore not justified in this habeas case.[2]

    Dulcero asks me to reconsider that ruling. He claims he has limited education and reiterates that English is his second language. He suggests that he needs counsel because he cannot present his claims and arguments; his petition was drafted only with the assistance of the High Desert State Prison's law clerks.[3]

    So long as a district court has jurisdiction over a case, "it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory" (non-case-dispositive) order.[4] "Motions

---

[1] ECF 2 at 3.

[2] ECF 5 at 1.

[3] ECF 12 at 2.

[4] *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Nor is reconsideration to be used to ask the court to rethink what it has already thought."[5] In short, "a motion for reconsideration should not be granted, absent highly unusual circumstances."[6] The precise standard for reconsidering orders like this one denying the appointment of counsel is not clear.[7] Typically, courts in this district find reconsideration appropriately only if (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law.[8]

Petitioner has not demonstrated that reconsideration or rehearing is appropriate here. At best, he has merely pointed out some additional reasons why he believes that he will have difficulty presenting his arguments in this case. If anything, however, the filings that Dulcero has made in this case since I denied his request for appointed counsel only support my conclusion that this case does not present complex issues and that Dulcero is finding a way to clearly state his arguments.

Accordingly, IT IS HEREBY ORDERED that Dulcero's Petition for Rehearing of his request for appointment of counsel **[ECF 12] is DENIED.**

Dated this 26th day of August, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003) (internal citations omitted).

[6] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

[7] Because this order is not a judgment, FRCP 59(e) does not apply; because it is not a "final" one, FRCP 60(b) does not apply. *See Motorola*, 215 F.R.D. at 583–86 (thoughtfully considering the standard that should apply to requests to reconsider interlocutory orders). In the title to this motion, petitioner claims he is relying on Rule 40 of the Federal Rules of Appellate Procedure. Doc. 12 at 1. But the rules of appellate procedure govern proceedings in the United States Courts of Appeal—not cases like this one pending in district court. *See* F.R.A.P. 1(a).

[8] *See, e.g., King v. Calderwood*, 2015 WL 4937953, *1 (D. Nev. Aug. 19, 2015).