UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Melvin Dosdos Dulcero,<br><br>    Petitioner<br><br>v.<br><br>D.W. Neven, et al.,<br><br>    Respondents | 2:14-cv-01259-JAD-VCF<br><br>**Order Granting Respondents' Motion to Dismiss and Staying Case for 30 Days**<br><br>[ECF 17] |

    Nevada state prisoner Melvin Dosdos Dulcero brings this habeas action to challenge his state court conviction and sentence for attempted murder with a deadly weapon. Respondents move to dismiss Dulcero's petition, arguing that Dulcero failed to exhaust his state court remedies.[1] Because Dulcero failed to exhaust his state court remedies before filing his § 2254 petition, I grant respondents' motion and stay this case for 30 days so that Dulcero can inform the court whether he wishes to abandon his unexhausted claims or return to state court to exhaust them.

## Background

    In May 2007, Dulcero pleaded guilty to attempted murder with a deadly weapon in Nevada's Second Judicial District Court.[2] At sentencing, the state district judge declined Dulcero's request to apply a change in the law for a deadly weapon sentencing enhancement that became effective after Dulcero's offense date.[3] On October 12, 2007, the state district court entered a judgment of conviction for attempted murder with the use of a deadly weapon[4] and sentenced Dulcero to 60–180 months imprisonment, followed by a 60–180 month consecutive term for the weapon enhancement,

---

[1] ECF 17.

[2] ECF 18-19, 18–20.

[3] ECF 19-1 at 16.

[4] ECF 19-2.

and gave Dulcero credit for the 262 days he already served.[5]

Dulcero appealed, arguing that the state district court should have applied the ameliorative amendments to the deadly weapon enhancement statute;[6] the Nevada Supreme Court affirmed.[7] On January 13, 2009, Dulcero filed a state habeas petition.[8] The state district court appointed counsel,[9] who filed an amended petition on Dulcero's behalf three months later.[10] After an evidentiary hearing,[11] the state district court initially granted the petition in part on a restitution issue, but later reconsidered that ruling and denied the petition in its entirety.[12] Dulcero appealed;[13] the Nevada Supreme Court affirmed.[14] Remittitur issued on May 8, 2014.[15]

Dulcero timely filed this federal habeas petition two months later.[16] Respondents move to dismiss Dulcero's petition as a mixed petition, arguing that it contains unexhausted claims.[17]

---

[5] *Id.*

[6] ECF 19-15.

[7] ECF 19-21.

[8] ECF 20-1, 20-2.

[9] ECF 20-4.

[10] ECF 20-5.

[11] ECF 20-8, 21-6.

[12] ECF 21-7, 21–11.

[13] ECF 21-15.

[14] Ex. 98.

[15] Ex. 99.

[16] ECF 6.

[17] ECF 17.

**Discussion**

**A.    Exhaustion under 28 USC § 2254**

A federal habeas petitioner first must exhaust state court remedies on a claim before presenting that claim to the federal court.[18] The exhaustion requirement ensures that the state courts will have the first opportunity to pass upon and correct alleged violations of federal constitutional guarantees.[19] To satisfy the exhaustion requirement, a petitioner must fairly present his claims to the state's highest court.[20] Fair presentation requires that a petitioner (1) identify the federal legal basis for his claims and (2) state the facts entitling him to relief on those claims.[21] A petitioner must alert the state court to the fact that he is asserting a federal claim;[22] mere similarity between a state-law claim and a federal-law claim is insufficient.[23]

**B.    Ground 1 of Dulcero's petition is unexhausted.**

In ground 1, Dulcero alleges that the state courts violated his Eighth and Fourteenth Amendment rights by declining to retroactively apply a change in Nevada sentencing law that occurred after Dulcero's offense was committed but before he was sentenced.[24] On direct appeal, Dulcero presented a similar issue to the Nevada Supreme Court, arguing that the state district court erred in refusing to apply the amendments to the deadly weapon enhancement statute. But in his opening brief to the Nevada Supreme Court, Dulcero did not cite any federal authority or indicate

---

[18] 28 U.S.C. § 2254(b)(1)(A).

[19] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

[20] *See, e.g., Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc); *Yang v. Nevada*, 329 F.3d 1069, 1075 (9th Cir. 2003).

[21] *See Shumway v. Payne*, 223 F.3d 983, 987 (9th Cir. 2000); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

[22] *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).

[23] *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).

[24] ECF 6 at 3–5.

that he was invoking a federal right.[25] In his response, Dulcero concedes that ground 1 is unexhausted, and states that he wishes to abandon that claim in its entirety.[26] Because Dulcero did not alert the Nevada Supreme Court that he was asserting a federal claim on this basis and concedes as much, I find that ground 1 of Dulcero's petition is unexhausted.

**C.     Ground 2(A) of Dulcero's petition is also unexhausted.**

In ground 2(A), Dulcero argues that his guilty plea was involuntary because: (1) his native language is Visayan, but the court reporter spoke Tagalog; (2) he was not advised that the state district court may impose the sentence he received; (3) he entered his plea with the understanding that he would be eligible for parole after serving two years on each count; and (4) he was not provided with an explanation regarding the terms of the presentence investigation report, which included a recommendation of two terms of fifteen years with parole eligibility beginning after serving five years, and up to $961,000.00 in restitution.[27]

Dulcero alleged in his brief to the Nevada Supreme Court that he spoke Tagalog,[28] and that he was not advised of the amount of restitution before pleading guilty.[29] But Dulcero did not present any of the other facts that he now offers in support of his voluntariness claim to the Nevada Supreme Court.[30] Dulcero also concedes that ground 2(A) is unexhausted. I agree. Because Dulcero did not present the operative facts supporting his voluntariness claim to the Nevada Supreme Court, ground 2(A) is unexhausted.[31]

---

[25] ECF 19-15.

[26] ECF 28 at 3.

[27] ECF 6 at 10–12.

[28] 21-20 at 8.

[29] *Id.*

[30] *Id.*

[31] *See Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005).

**D.   Because this is a mixed petition, Dulcero must advise the court how he wants to proceed.**

A federal court may not entertain a habeas petition unless the petitioner has exhausted all available and adequate state court remedies for all claims in the petition.[32]  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.[33]  Because Dulcero's petition is mixed, he has three options:

1. Submit a sworn declaration advising the court he is voluntarily abandoning his unexhausted claims and will proceed on the exhausted claims only;

2. Submit a sworn declaration advising the court he will return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking the court to hold his exhausted federal habeas claims in abeyance while he returns to state court to exhaust his unexhausted claims.[34]

Dulcero must take one of these steps.  If Dulcero fails to inform the court which option he wishes to pursue by **April 22, 2016**, his petition will be dismissed in its entirety.  Dulcero is advised to familiarize himself with the limitations periods for filing federal habeas petitions found in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on how he wishes to proceed with this action.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that respondents' motion to dismiss **[ECF 17]** is **GRANTED.**

IT IS FURTHER ORDERED that Dulcero has until **April 22, 2016**, to either: (1) inform this

---

[32] *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

[33] *Id.*

[34] *See Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; or (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance or seek other appropriate relief, respondents may respond as provided in Local Rule 7-2.  If petitioner fails to respond to this order by **April 22, 2016**, his petition will be dismissed in its entirety without further warning.

IT IS FURTHER ORDERED that, if petitioner elects to abandon his unexhausted grounds, respondents will have **30 days** from the date petitioner serves his declaration of abandonment to file an answer to petitioner's remaining grounds for relief.  The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and must comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.  Petitioner will then have **30 days** after being served with respondents' answer to file a reply.

Dated March 22, 2016

_____
Jennifer A. Dorsey
United States District Judge