**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Melvin Dosdos Dulcero, | 2:14-cv-01259-JAD-VCF |
| Petitioner | **Order Dismissing Petition and Closing Case** |
| v. | [ECF No. 6] |
| D.W. Neven, et al., | |
| Respondents | |

Petitioner Melvin Dosdos Dulcero brings this habeas action under 28 U.S.C. § 2254 to challenge his 2007 conviction in Nevada state court for attempted murder with the use of a deadly weapon.[1]  After evaluating his remaining claims on the merits, I deny Dulcero's petition for a writ of habeas corpus and dismiss this action with prejudice.  And because reasonable jurists would not find my conclusions on any of the claims (including those dismissed previously on procedural grounds) to be debatable or wrong, I do not issue a certificate of appealability for any of them.

**Background**

Dulcero pled guilty on May 30, 2007, to attempted murder with the use of a deadly weapon for an attack on his live-in mother-in-law.  He struck her multiple times in the head with a baseball bat until she passed out, then he stabbed her repeatedly in the chest with a knife.[2]  Now Dulcero is serving two consecutive sentences of 60–180 months for the attempted murder and the deadly weapon enhancement.  Dulcero challenged his conviction in the state courts on both direct appeal and post-conviction review.

---

[1] ECF No. 19-2; Exhibit 27.  The cited exhibit and ECF attachment are the same document, but the parallel naming conventions are provided throughout this order to better assist Dulcero in locating the documents in his hard-copy records.

[2] ECF Nos. 18-20 at 10–11; 20 at 9–10.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a "highly deferential" standard for evaluating a state court's decision to deny a petition for habeas corpus on its merits.[3] A federal court may not grant habeas relief merely because it might conclude that the state court's decision was incorrect.[4] The federal district court may grant relief only if the state court decision was: (1) contrary to or an unreasonable application of clearly established U.S. Supreme Court law; or (2) was based on an unreasonable determination of the facts in light of the evidence presented at the state-court proceeding.[5]

A state court's decision is contrary to clearly established law only if it applies a rule that contradicts the governing law or if the decision confronts a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrives at a different result.[6] A state court need not even be aware of Supreme Court precedents, as long as neither the reasoning nor the result of its decision contracts them.[7] "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at beast, ambiguous."[8] And when a state court's factual findings are challenged, federal courts "must be particularly deferential" to those findings.[9] State-court factual findings are presumed to be correct unless the petitioner can rebut that presumption by clear and convincing

---

[3] *Cullen v. Pinholster*, 563 U.S. 170 (2011).

[4] *Id.* at 202.

[5] *Id.* at 181–88; *see also* 28 U.S.C. § 2254(d).

[6] *See, e.g.*, *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003).

[7] *Id.*

[8] *Id.* at 16.

[9] *Lambert v. Blodgett*, 393 F.3d 943, 972 (9th Cir. 2004); *see also* 28 U.S.C. § 2254(d)(2).

evidence.[10]

**Discussion**

**A.  Grounds 2(b) and 2(c): Trial counsel was ineffective for failing to: (b) argue that Dulcero did not have the specific intent to attempt murder because his medication induced his behavior; and (c) raise his medication as a mitigating factor at sentencing.[11]**

In ground 2(b), Dulcero alleges that he was denied effective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments because his counsel did not argue that antidepressants—without counteracting mood stabilizers—prevented him from having the specific intent needed to support the charges. He alleges that counsel failed to adequately investigate this defense, improperly advised him to plead guilty despite this defense's alleged validity, and then failed to raise it as a mitigating factor at his sentencing.

Dulcero had a prescription for the antidepressant Paroxetine—also known by its trade name Paxil—as well as medications to combat insomnia and acid reflux.[12] Dulcero's trial defense counsel, Sean Sullivan, testified at the December 19, 2012, state post-conviction evidentiary hearing that: (1) Sullivan and the defense investigator had researched "Paxil-induced mania and aggression; and also Prozac-induced violence" and associated case law with regard to mitigation at sentencing;[13] (2) he retained psychiatrist Dr. Melissa Piasecki, M.D., as an expert and consulted with her regarding reliance on Paxil-induced behavior both as a *mens rea* defense and as a mitigating factor;[14] (3) Dr. Piasecki told Sullivan that she disagreed with his research and asked him "not to even ask those questions at the time of sentencing, because [he] would not

---

[10] 28 U.S.C. § 2254(e)(1).

[11] These grounds are discussed in tandem because the facts, arguments, and analyses almost completely overlap.

[12] ECF No. 21-6 at 10–12, 16–19; Ex. 81 at 9–1, 15–18.

[13] *Id.* at 54, 56–59; Ex. 81 at 53, 55–58.

[14] *Id.* at 60–61; Ex. 81 at 59–60.

like the answers given";[15] (4) Sullivan previously had considered taking the case to trial, but he changed his recommendation after consulting with Dr. Piasecki;[16] he changed his recommendation because Dr. Piasecki "couldn't support a not[-]guilty[-]by[-]reason[-]of[-]insanity [defense]" and he said: "Quite frankly, there wasn't much there for us to go on, other than attacking the specific intent needed for attempted murder with the use of a deadly weapon";[17] (6) Sullivan considered Dr. Piasecki "to be one of the best psychiatrists and expert witnesses in Northern Nevada," and she was very well respected in the state district court;[18] (7) it was not his practice to seek a second opinion following a negative assessment from an expert, nor did his colleagues do so to his knowledge;[19] and (8) he did not seek a second opinion because it could tip the prosecution off to the first opinion and they could use it against Dulcero at trial.[20] Dulcero's post-conviction counsel acknowledged that Dulcero's trial counsel "actually looked into that defense [challenging specific intent based on Paxil], then decided that he wouldn't go with it."[21]

The state district court held that Dulcero had not been denied effective assistance of counsel. The court noted that the issue was not whether Dulcero's taking of Paxil actually negated the specific intent to commit murder but was whether defense counsel had been unconstitutionally ineffective for failing to raise it as a defense. The court recognized that Dulcero's trial counsel's strategic decision not to raise the Paxil-behavior defense and instead

---

[15] *Id.* at 60; Ex. 81 at 59.

[16] *Id.* at 60–61; Ex. 81 at 59–60.

[17] *Id.* at 61; Ex. 81 at 60.

[18] *Id.* at 61–62; Ex. 81 at 60–61.

[19] *Id.* at 63–64; Ex. 81 at 62–63.

[20] *Id.* at 64; Ex. 81 at 63.

[21] *Id.* at 100; Ex. 81, at 99.

advise his client to plead guilty was entitled to deference under *Strickland v. Washington*.[22]

Under *Strickland*, a petitioner asserting an ineffective-assistance-of-counsel claim must show that his "counsel's representation fell below an objective standard of reasonableness"[23] and that a different outcome would have occurred but for the objectively unreasonable error.[24] In the guilty-plea context, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[25] In evaluating counsel's representation, the issue is whether counsel's strategic decision was reasonable from his perspective at the time it was made. Strategic choices made after a reasonable investigation are "virtually unchallengeable," and a decision not to investigate further "must be directly assessed for reasonableness in all of the circumstances, applying a heavy measure of deference to counsel's judgments."[26]

While satisfying *Strickland*'s high bar is "never an easy task," federal habeas review of a state court's rejection of an ineffective-assistance claim is "doubly deferential" under AEDPA.[27] That is, the federal court must take a "highly deferential" look at counsel's performance through the also "highly deferential" lens of § 2254(d).[28] "The question [under § 2254(d)] is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[29]

The state district court ultimately concluded that Dulcero had not overcome the strong presumption under *Strickland* that counsel's conduct fell within the wide range of reasonable

---

[22] ECF No. 21-7 at 10–12; Ex. 82 at 9–11.

[23] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[24] *Id.* at 691.

[25] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[26] *Strickland*, 466 U.S. at 690–91.

[27] *Cullen v. Pinholster*, 563 U.S. 170, at 190, 202 (2011).

[28] *Id.*

[29] *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

professional assistance. The state court's decision was not contrary to law or an unreasonable determination of the facts based on the evidence. Dulcero's trial counsel had consulted with a competent psychiatric expert witness who was well respected in the jurisdiction and by counsel. That psychiatrist strongly disfavored any defense that Dulcero's antidepressant was in any way responsible for his behavior, telling counsel that if he asked her questions about Paxil at sentencing, he would not like her answers. Counsel then explained that he didn't seek a second opinion because he didn't want the prosecution to pick up on the fact that the first opinion was negative and then use it against Dulcero at trial. So, counsel thoroughly investigated the defense and made the strategic decision not to pursue it. Counsel's decision thus falls squarely within the wide range of professional assistance, and it is "virtually unchallengeable" under *Strickland*. Because Dulcero fails to satisfy *Strickland*'s unreasonable-performance prong, I need not—so I do not—address the different-outcome prong. And because this reasoning applies equally to counsel's decisions not to raise Dulcero's alleged Paxil-induced behavior as a defense at trial or as a mitigating factor at sentencing, neither ground 2(b) nor 2(c) is a basis for habeas corpus relief.

**B.    Ground 3: Ineffective assistance of appellate counsel**

In ground 3, Dulcero alleges that he was denied effective assistance of appellate counsel in violation of the Sixth and Fourteenth Amendments because his appellate counsel failed to raise "the question of the deficient plea canvass, [or] the court's failure to remove counsel and obvious bias against Defendant, the improper imposition of restitution[,]" and argue that the Nevada Supreme Court's decision in *State v. Second Judicial Dist. Court (Pullin)*[30] should be reconsidered.

At the time of Dulcero's January 23, 2007, offense, NRS 193.165 provided that a deadly weapon enhancement would impose a consecutive sentence equal to the sentence on the principal

---

[30] *State v. Second Judicial Dist. Court (Pullin)*, 188 P.3d 1079 (Nev. 2008).

offense.[31]  The statute was amended effective July 1, 2007, to provide that the sentence enhancement instead would be set by the sentencing court within a range depending upon specific statutory factors.[32]  On direct appeal, counsel raised a single issue contending that the amendment to NRS 193.165 should apply to this case because Dulcero was sentenced in October 2007, which was after the amendment went into effect.

But on July 24, 2008, the Nevada Supreme Court held in *Pullin* that, as a matter of state law, the July 1, 2007, amendment to NRS 193.165 did not apply to offenses *committed* prior to the amendment's date of effectiveness.[33]  So the Nevada Supreme Court rejected Dulcero's argument to apply the amendment and affirmed his conviction and sentence.[34]

In his *pro se* state post-conviction petition, Dulcero alleged that he was denied effective assistance of appellate counsel because counsel did not present an argument that he was denied equal protection of the law because prosecutors allegedly did not apply the sentencing enhancement under N.R.S. 193.165 in all cases where a deadly weapon was used.[35]  In the supplemental petition filed by appointed counsel, Dulcero alleged that he was denied effective assistance of appellate counsel because counsel did not argue that the state supreme court should revisit its *Pullin* ruling on the ground that the federal due process clause required retroactive application of the 2007 amendment to N.R.S. 193.165.[36]

The state district court held, among other things, that Dulcero could establish neither deficient performance nor resulting prejudice from appellate counsel's failure to ask the state

---

[31] Nev. Rev. Stat. § 193.165, as amended immediately prior to and after 2007 laws, c. 525, § 13.

[32] *Id.*

[33] *Pullin*, 188 P.3d at 1084.

[34] ECF No. 19-21; Ex. 46.

[35] ECF No. 20-2 at 21–25; Ex. 52 at 20–24.

[36] ECF No. 20-5 at 17–19; Ex. 55 at 16–18.

supreme court to revisit *Pullin* on federal constitutional grounds.  The court found that counsel's failure to challenge *Pullin* was not unreasonable under prevailing professional norms and that there was not a reasonable probability that the Nevada Supreme Court would have overturned *Pullin* if counsel had challenged the decision.[37]

On his post-conviction appeal, Dulcero argued for the first time that direct-appeal counsel should have pursued a number of issues, including "an equal protection violation" regarding the *Pullin* decision.[38]  The State responded that: (1) Dulcero was arguing that counsel was ineffective for failing to raise a retroactivity argument that he did raise on direct appeal; and (2) the remaining claims should be disregarded because they were raised for the first time on appeal.[39]

The state supreme court expressly addressed a claim that appellate counsel was ineffective for failing to challenge the *Pullin* decision during the pendency of the direct appeal.  It held that the state district court's factual findings were supported by substantial evidence and were not clearly wrong, and further that Dulcero had not demonstrated that the district court had erred as a matter of law.[40]

The state supreme court's rejection of the claim that it expressly addressed was neither contrary to, nor an unreasonable application of, *Strickland*.  In general, when evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the *Strickland* standard partially overlap.[41]  Effective appellate advocacy requires weeding out weaker issues with less likelihood of success.  The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the

---

[37] ECF No. 21-7 at 8–10; Ex. 82 at 7–9.

[38] ECF No. 21-20 at 11, 19–20; Ex. 95 at 10, 18–19.

[39] ECF No. 21-22 at 8–9; Ex. 97 at 7–8.

[40] ECF No. 21-23 at 3–4; Ex. 98 at 3–4.

[41] *E.g., Bailey v. Newland*, 263 F.3d 1022, 1028–29 (9th Cir. 2001); *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir. 1989).

same reason—because the omitted issue has little or no likelihood of success on appeal.[42]

It was not an objectively unreasonable application of *Strickland* to conclude that counsel did not render deficient performance by not seeking to challenge *Pullin* during the appeal and further that Dulcero was not prejudiced as a result. It was not deficient performance for counsel to not seek to challenge the new decision issued during the pendency of Dulcero's appeal, particularly on federal constitutional grounds that Dulcero had not preserved in the district court and raised on his appeal prior to *Pullin*. Nor could petitioner demonstrate resulting prejudice. *Pullin* still remains good law today.

The records in this district reflect that another petitioner, in an appeal also pending at the time of Dulcero's appeal, challenged *Pullin* in the state supreme court on federal constitutional grounds and lost in an unpublished decision. In the later habeas case in this district, Judge Hicks held that the state supreme court's rejection of the federal constitutional challenge was neither contrary to nor an unreasonable application of clearly established federal law.[43] Dulcero's conclusory constitutional argument—essentially a bare reference only to equal protection—in the state post-conviction appeal failed to establish that appellate counsel failed to pursue a potentially winning argument seeking to overturn *Pullin* on federal constitutional grounds during the pendency of Dulcero's direct appeal.[44]

The state supreme court did not expressly reference any other claims of ineffective assistance of appellate counsel. Nor did the court expressly state that it was not considering such claims because they were not raised in the state district court. To the extent that the state supreme court implicitly rejected the conclusorily asserted claims on their merits, that disposition was neither contrary to, nor an unreasonable application of, *Strickland*.

In the alternative, to the extent that the claims were not rejected on the merits but also have not been timely challenged herein as unexhausted or procedurally defaulted, I reject the

---

[42] *Id.*

[43] *See Carey v. McDaniel*, No. 3:10-cv-00143-LRH-WGC (D. Nev., March 29, 2013).

[44] *See* ECF No. 21-20 at 11, 19–20; Ex. 95 at 10, 18–19.

similarly bare claims in this court on a *de novo* review. A claim of ineffective assistance of counsel for failing to pursue an issue challenging the restitution amount ordered does not present a claim that is cognizable in a federal habeas corpus proceeding.[45]

Dulcero otherwise presents no apposite authority establishing that appellate counsel failed to pursue a potentially viable direct-appeal issue as to the validity of his plea based upon a failure to inform him of the potential restitution amount due during the plea canvass. Dulcero was informed in the written plea agreement that he would be required to make full restitution.[46] He can't reasonably claim that he was surprised by the amount of restitution that he was ordered to pay, when his victim was an elderly woman whom he beat in the head with a bat until she was incapacitated and then stabbed multiple times in the chest with a knife.

Dulcero's conclusory reference in the petition to "the court's failure to remove counsel and obvious bias against [him]" also does not establish that counsel failed to pursue a potentially viable issue on direct appeal in that regard. Dulcero personally declined the opportunity to seek another judge during the plea colloquy.[47] He further acknowledged that he was satisfied with the legal services provided by the public defender, which typically is not a matter that can be raised on appeal.[48] Under *Blackledge v. Allison*, a collateral attack that directly contradicts the responses at the plea proceedings "will entitle a petitioner to an evidentiary hearing only in the most extraordinary circumstances."[49] Dulcero's bare allegations in the federal petition therefore

---

[45] *See Bailey v. Hill*, 599 F.3d 976, 980–84 (9th Cir. 2010) (a challenge to a restitution order rather than to the validity or duration of confinement does not satisfy the custody requirement for habeas jurisdiction, even if the petitioner otherwise is in custody); *see also United States v. Thiele*, 314 F.3d 399 (9th Cir. 2002) (a federal prisoner could not pursue claims challenging restitution in a § 2255 proceeding even if he also was seeking release from custody in his other grounds).

[46] ECF No. 18-19 at 4; Ex. 19 at 3.

[47] ECF No. 18-20 at 9–10; Ex. 20 at 8–9.

[48] *Id.* at 5; Ex. 20 at 4.

[49] *Blackledge v. Allison*, 431 U.S. 63, 80 (1977).

establish neither deficient performance nor resulting prejudice under *Strickland* from appellate counsel's failure to pursue issues regarding counsel or the judge on direct appeal. Ground 3 therefore does not provide a basis for relief.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Dulcero's petition for a writ of habeas corpus **[ECF No. 6] is DENIED on its merits**, and **this action is DISMISSED** with prejudice. Because reasonable jurists would not find my decisions in this order to be debatable or wrong, I decline to issue a certificate of appealability. The **Clerk of Court** is directed to **ENTER JUDGMENT in favor of respondents and against Dulcero and CLOSE THIS CASE**.

DATED: February 23, 2018.

_____
U.S. District Judge Jennifer A. Dorsey